**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD CUNNINGHAM, JR.,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 16-127ERIE** |
| | ) | **District Judge Fischer** |
| **LISA ZUBSIC, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

Is it respectfully recommended that Defendant's motion to dismiss [ECF No. 19] be

granted.

## II.      REPORT

### A.      Relevant Procedural and Factual History

Donald K. Cunningham, Jr. ("Plaintiff") initiated this *pro se* prisoner civil rights action

pursuant to 42 U.S.C. § 1983 by submitting for filing a Motion for Leave to Proceed *in forma*

*pauperis* ("IFP") accompanied by a Complaint. ECF No. 1.  Plaintiff's Complaint names as

defendants Lisa Zubsic; Heather McKeel, NP-C; and Jamie Ferdarko, RNS, and alleges that

despite repeated requests, Defendants failed to appropriately treat an itchy rash covering

Plaintiff's body.  Plaintiff's *IFP* motion was granted on July 7, 2016, and the Court ordered

Plaintiff to file completed USM-285 forms to effectuate service of process.  After filing an

appropriate motion, Plaintiff was granted leave of court to add Barry Eisenberg as a defendant,

as he had been identified in Plaintiff's complaint as a medical provider who allegedly failed to

properly treat Plaintiff's condition.

While service of process has been attempted at to all Defendants, service has been effectuated only as to Defendant Jamie Ferdarko.[1]  Defendant Ferdarko responded to the Complaint with the pending Motion to Dismiss, filed pursuant to Fed.R.Civ. P. 12(b)(6), for failure to state a cognizable claim.

Plaintiff's Complaint alleges the following facts which, in the context of a motion to dismiss, must be accepted as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).   Plaintiff states that at all times relevant to this matter, he has been incarcerated at the Pennsylvania State Correctional Institution at Forest (SCI – Forest).   Beginning in May 2015, Plaintiff suffered an itchy rash that spread across his body.  Plaintiff was seen by Defendant Nurse Practitioner Lisa Zubsic several times between July 2015 and March 2016, but treatments prescribed by her have failed to cure the rash.  Plaintiff was also seen by a physician, Defendant Eisenberg, and other medical staff, but none of the prescribed treatments have stopped Plaintiff's persistent itching.

---

[1] By Order dated June 26, 2017, the Court advised Plaintiff that Defendants Zubsic, McKeel and Eisenberg have not been served with his complaint.  The Court notes that the Marshal has attempted service as to each of these Defendants at the SCI Forest location identified by Plaintiff's USM285 forms, but a completed return of service has not been filed, and there is no indication that the Marshal was unable to locate these Defendants at the address provided. On October 3, 2016, the Pennsylvania Department of Corrections ("DOC") notified the Court that Defendant Zubsic is not a DOC employee, and as such the DOC is unable to accept service on her behalf.  The DOC failed to provide this notice to Plaintiff and has not informed Plaintiff or the Court as to acceptance or rejection of service on behalf of McKeel or Eisenberg.  In this instance, and in an abundance of caution and fairness to the Plaintiff, given his *pro se* status, counsel for DOC Defendant Ferdarko has been directed provide notice to Plaintiff as to the status of service on behalf of the remaining named Defendants, or the identity of their employer, by July 12, 2017.  Once notice has been provided, Plaintiff must properly effect service in compliance with Rule 4 of the Federal Rules of Civil Procedure, or suffer dismissal of this action against each of these Defendants.

> While an 'indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process,' *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990), we have emphasized that a prisoner must still assist the Marshals Service when he is informed of service problems. *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n. 7 (3d Cir. 2000). As Hankins failed to rectify the service problems despite being granted additional time to do so, and in light of the District Court's analysis of the relevant factors from *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984), we conclude that the Court did not abuse its discretion by dismissing the un-served defendants from the suit. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 260 n. 1 (3d Cir. 2011).

*Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013)

Plaintiff states that Defendant Ferdarko accused him of refusing treatment and failing to routinely shower. Plaintiff requested a biopsy of his skin in July 2015 to determine the cause of his condition, but has not been scheduled for this procedure, despite receiving the recommendation from a DOC consulting dermatologist. He attributes the lack of care to cost saving measures, and alleges that he has suffered pain while his condition remains untreated.

## B. Standard of Review

### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. *Erickson v Pardus*, 551 U.S. at 93-94. A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: "First, … 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second … identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)(internal quotation marks omitted)(quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner,* 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall,* 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley,* 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read 'with a measure of tolerance'"); *Freeman v. Department of Corrections,* 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Company,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Deliberate Indifference to Medical Needs

Defendant Ferdarko contends that her dismissal from this action is appropriate because, as to her, Plaintiff alleges only that she accused him of refusing treatment and not showering on a routine basis. ECF No. 5. Defendant asserts that such allegations, even if true, are insufficient to support a cognizable Eighth Amendment claim. The Court agrees.

The Eighth Amendment prohibition on cruel and unusual punishment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). In *Estelle v. Gamble*, 429 U.S. 97

(1976), the Supreme Court held that prison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." *Id*. at 104-05. Thus, to state a constitutional claim under 42 U.S.C. § 1983, a plaintiff must allege facts, which taken as true, would establish (1) a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs" and (2) an objective showing that "those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

In determining the adequacy of Plaintiff's allegations, the Court is mindful that "mere disagreement as to the proper medical treatment" does not "support a claim of an eighth amendment violation." *Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Further, when medical care is provided, "it is presumed that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) *citing Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights"). *See also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir.1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.").

Here, Plaintiff's allegations as to Defendant Ferdarko amount to no more than a disagreement over her judgment as to possible causes of his condition, and the adequacy of the care she delivered. Such allegations simply do not support an Eighth Amendment claim, rendering dismissal appropriate.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Fedarko's motion to dismiss [ECF No. 19] be granted, and that she be terminated from this action.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


                                        /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

Dated:  July 28, 2017